UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LORRAINE ROUSSEVE DETIEGE**                              CIVIL ACTION

**VERSUS**                                                 **NO. 06-7417**

**STATE FARM FIRE AND CASUALTY**                           SECTION "B"(2)
**INSURANCE COMPANY, ET AL.**

ORDER AND REASONS

Before the Court is Defendant State Farm Fire And Casualty Company's ("State Farm") Motion For Summary Judgment On Plaintiff's Claims Against State Farm Fire And Casualty Company (Rec. Doc. No. 13) and State Farm's Motion For Sanctions, Attorneys' Fees And Costs Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure (Rec. Doc. No. 11).

**IT IS ORDERED** that Defendant's Motion For Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions, attorneys' fees, and costs is **DENIED**.

*BACKGROUND*

On or about August 29, 2005, Plaintiff sustained flood damage to her home. Plaintiff's State Farm flood insurance policy was in full force and effect on August 29, 2005.

On October 13, 2005, State Farm issued checks jointly payable to Plaintiff Lorraine Detiege and Plaintiff's deceased husband, Rudulph J. Detiege reflecting the full limits of Plaintiff's

policy. Plaintiff allegedly made several requests to State Farm to re-issue new checks payable to Plaintiff and Plaintiff's four children pursuant to the succession judgment for Rudolph J. Detiege's estate. On August 25, 2006 State Farm re-issued additional checks to Plaintiff which were paid on or about August 29, 2006 and September 1, 2006.

On August 24, 2006, Plaintiff filed suit against State Farm in the Civil District Court for the Parish of Orleans. Plaintiff claims State Farm wrongfully denied Plaintiff's claim and failed to issue checks to Plaintiff in a negotiable form. Plaintiff further claims State Farm acted in bad faith, therefore, Plaintiff seeks additional penalties available under Louisiana law.

Defendant removed the instant action asserting federal jurisdiction pursuant to 28 U.S.C. § 1332. Defendant contends (1) Plaintiff has already received full policy limits and (2)bad faith penalties are unavailable to Plaintiff. Defendant moves the Court to dismiss Plaintiff's claims with prejudice on summary judgment. Defendant further moves the Court to award sanctions attorneys' fees and costs.

Plaintiff concedes that there are no genuine issues of material fact. Therefore, Plaintiff does not oppose dismissal of the instant action. However, Plaintiff moves the court to dismiss the action without prejudice to preserve Plaintiff's right to claim damages. Furthermore, Plaintiff opposes Defendant's motion for

sanctions, attorneys' fees and costs .

## LAW AND ANALYSIS

### A.   Standard For Summary Judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

Here, no genuine issues of material fact exist.  The parties do not dispute that State Farm honored Plaintiff's claim and

tendered payment of the policy limits to Plaintiff.

Furthermore, Plaintiff's claims arise out of the handling of a National Flood Insurance Policy, therefore, state law claims for penalties asserted under federal law are preempted. *Schopen v. State Farm Insurance, Co.*, 1996 WL 696444 (E.D. La. 1996). Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED** and Plaintiff's claims are **DISMISSED without prejudice**. To the extent Plaintiff might assert penalty claims under federal law, if any, her rights are hereby preserved.

Finding Plaintiff had not received negotiable checks prior to filing the instant action,

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions, attorneys' fees, and costs is **DENIED**.

New Orleans, Louisiana, this 22nd day of February, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE